McBRIDE, Judge.
Plaintiff recovered judgment for $17,424 with interest, plus an attorney’s fee of $1,500, on a written contract, and defendant appealed.
Plaintiff, on November 28, 1960, in writing, leased to defendant eight washmobiles. These are coin-operated, mechanical contrivances for washing automobiles. One desiring to wash an automobile must deposit two quarters in the coin receptacle. The *242 .agreement covered a period of 36 months and called for a monthly rental of $544.50, or a total of $19,602 for the full term; ■defendant paid $2,178, leaving the balance ■of $17,424, which matured under an acceleration clause. The agreement provided the lessee would indemnify the lessor for a reasonable attorney’s fee.
The machines were installed in various .automobile service stations designated by defendant.
Defendant excepted to plaintiff’s right to maintain the suit, and set up in answer the defense that the washmobiles did not meet the specifications represented by the agent of plaintiff and were not fit for the purpose intended.
The exception of no right of action was, rightly or wrongly, referred to the merits. The exception was never passed upon by the trial judge. Plaintiff strenuously urges it before us. See C.C.P. arts. 927, 928. The pith of counsel’s argument is that the contract had been assigned by plaintiff to the Commercial Credit Corporation on December 1, 1960, as security for a loan, and when the suit was filed, November 22, 1961, Commercial Credit Corporation and not plaintiff was the owner of the contract. Defendant also contends that the agreement is not one of lease but is a conditional sales contract reprobated by Louisiana law.
Our conclusion is that the agreement is a lease of personal property, to-wit: the eight washmobiles. Defendant is named therein as “lessee” and signed as such.
The argument advanced by appellant that it is a conditional sales contract is based on the fact that, under a separate agreement, he was given the option at the expiration of the lease “to purchase the personal property described.” This option to purchase was not a part of the lease and does not change the nature of the latter. Defendant overlooks that, by the terms of the agreement itself, he also had the option to renew the lease for an additional period of one year.
 To adjudicate the exception of no right of action, it is necessary to determine the nature of the transaction between plaintiff and Commercial Credit Corporation. The transaction between these two corporations was one of pledge. Plaintiff borrowed money from Commercial Credit Corporation and to evidence its indebtedness gave the lender its promissory note secured by pledge of its lease agreement with defendant. It was stipulated that notwithstanding the pledge, plaintiff retained title to the eight washmobiles. There is no element of an assignment or sale which transferred absolute title to the lease or the leased property to Commercial Credit Corporation. The pledgor remains the proprietor of the pledge which is in the hands of the creditor only as a deposit to secure his privilege on it. R.C.C. art. 3166.
 Under C.C.P. art. 696, the pledgee of an incorporeal right is the proper person to sue to enforce the pledged right. R.C.C. art. 3170 provides if the credit which has been given in pledge becomes due before it is redeemed by the person pawning it, the creditor, by virtue of the transfer which has been made to him, shall be justified in receiving the amount, and in taking measures to recover it. The pledgee has always had the right, when the thing pledged becomes due before redemption, to sue to recover the amount thereof in his own name. See Vol. 15, Darts New Louisiana Digest (Pledges, § 26, p. 613).
However, in the official comments under C.C.P. art. 696 appears:
“If the pledgee fails or neglects to enforce the pledged right, the pledgor has a secondary right to enforce it. O’Kelley v. Ferguson, 49 La.Ann. 1230, 22 So. 783 (1897).”
The Commercial Credit Corporation saw fit not to bring suit against defendant, so plaintiff exercised its right of doing so.
*243 Aside from what has been said, when defendant defaulted in the matter of payments, plaintiff was required, on June 8, 1962, to satisfy its obligation to Commercial Credit Corporation, thus redeeming the pledge. At the time of the trial plaintiff was in full possession as owner without encumbrance thereagainst of the lease with defendant.
The right of a pledgor to sue on the thing pledged was involved in Hewitt v. Williams, 47 La.Ann. 742, 17 So. 269 (270). The plaintiff sued on notes pledged to a bank. The defendant challenged the right to sue on the ground the plaintiff was not the holder or owner of the notes. The court dismissed the exception saying:
«* * * petition declares that the plaintiff is the owner of the claim sued on. He asserts his privilege, asks for its recognition and a personal judgment for the amount sued for, and there is an allegation of ownership. Some of the notes were pledged by plaintiff when the suit was instituted. The defendant has no interest whatever in protecting the rights of the pledgees. His only concern is in protecting his own rights, and this can be done more effectually if he has defenses against the notes where they are in the hands of the original holder. If the notes are produced on the trial and tendered to defendant, he certainly has no cause to complain, as his payment to the holder would be a valid extinguishment of the note. * * * ”
That is the exact situation here. The exception is overruled.
Plaintiff’s answer sets up the unfitness of the washmobiles. However, his only complaint is that the washmobiles did not “bring any money in.” The defendant admitted that this was the result of the dishonesty of the employee washing a car, the station owner, or the customer, and not because of any defect. Defendant admitted “they” could “gyp” the machines, and he actually witnessed their being misused and operated without the required deposit of fifty cents.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.